# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANK OF AMERICA, N.A., )
)
              Plaintiff, ) Case No.: 2:15-cv-00692-GMN-CWH
vs. )
) **ORDER**
SFR INVESTMENTS POOL 1, LLC, *et al.*, )
)
              Defendants. )
)

Pending before the Court is the Motion to Amend Order and Judgment, (ECF No. 133), filed by Plaintiff Bank of America, N.A. ("BANA"). Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 135), and BANA filed a Reply, (ECF No. 136).[1] For the reasons discussed herein, BANA's Motion is **DENIED**.

## I. BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 6018 Tea Light Court, Las Vegas, Nevada 89113 (the "Property"). BANA's Motion to Amend concerns the Court's grant of summary judgment in favor of Defendants SFR and SBH2 Homeowners Association ("HOA") and against BANA. The Court will briefly recite that facts relevant to deciding the present Motion.

In 2007, Gregg and Frances Escamilla ("Borrowers") purchased the Property by way of a $347,274.00 loan from BANA. (Deed of Trust, ECF No. 109-1). BANA secured the loan

---

[1] For good cause appearing, the Court **GRANTS** BANA's Motion for Leave to File Supplemental Authority, (ECF No. 137). SFR requests that the Court either strike BANA's Motion or, alternatively, permit a response. (*See* SFR's Resp. to BANA's Mot. for Leave, ECF No. 138). In light of the Court's disposition of BANA's Motion to Amend, discussed below, SFR's request is moot.

with a deed of trust, which continued to encumber the Property until the foreclosure sale at issue in this case. (*Id.*). On June 15, 2010, HOA, through its agent Nevada Association Services, Inc. ("NAS"), initiated foreclosure proceedings on the Property following Borrowers' default on their payment obligations. (*See* Statutory Notices, ECF Nos. 109-7, 109-8, 109-10). In an effort to preserve its first-position lien, BANA sent NAS a letter requesting the amount necessary to satisfy HOA's superpriority lien. (*See* Letter of Inquiry, Ex. 1 to Miles Bauer Aff., ECF No. 109-16). NAS failed to respond to BANA's correspondence and proceeded with foreclosure. (*See* Foreclosure Deed, ECF No. 109-18). The sale took place on January 11, 2013, at which SFR purchased the Property for $17,500.00. (*Id.*).

BANA filed this action on April 27, 2015, primarily seeking a declaration that its deed of trust remains a valid encumbrance on the Property. BANA brought the following claims against various parties involved in the foreclosure and subsequent sale of the Property: (1) quiet title with a requested remedy of declaratory relief against all Defendants; (2) wrongful foreclosure against HOA; (3) breach of NRS 116.1113 against HOA; and (4) injunctive relief against SFR. (*See* Am. Compl. ¶¶ 31–64, ECF No. 5).

On September 29, 2018, the Court issued its Order, (ECF No. 130), resolving BANA, SFR, and HOA's respective summary-judgment motions, (ECF Nos. 105, 109, 113). The Court denied BANA's motion as to all causes of action and granted Defendants summary judgment on BANA's claims. (*See* Order 14:1–8, ECF No. 130). The Court found that BANA's letter of inquiry to NAS, offering to pay the yet-to-be-determined superpriority amount, did not constitute a valid tender. (*See id.* 8:17–9:12) ("Because BANA only declared its willingness to pay and did not present actual payment, there was no tender of the super priority amount that would have prevented HOA from extinguishing BANA's DOT through foreclosure."). In doing so, the Court rejected BANA's argument that NAS's lack of response to the letter of inquiry excused BANA from its obligation to pay off the HOA superpriority lien. (*Id.* 9:5–8).

The Court also found BANA's equitable arguments unavailing, concluding the record did not support a finding that the foreclosure process was sufficiently unfair to justify voiding the sale. (*Id.* 10:21–13:15). Following the Court's Order, the clerk of court entered judgment in favor of HOA and SFR, and against BANA. (Clerk's J., ECF No. 131).

Shortly thereafter, BANA filed the present Motion requesting that the Court reconsider its ruling with respect to its claims against HOA for wrongful foreclosure and breach of NRS 116.1113. (*See* Mot. to Am. 2:1–11, ECF No. 133). BANA also urges reconsideration of the Court's conclusion that BANA's letter of inquiry, coupled with NAS's refusal to respond, did not excuse BANA from its duty to satisfy HOA's superpriority lien. (*Id.* 2:12–17, 4:7–11:12); (*see also* Notice of Suppl. Authority, ECF No. 137-1) (citing *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217 (Nev. 2019)).

## II.  **LEGAL STANDARD**

Under Rule 59(e), district courts have considerable discretion when considering a motion to amend a judgment. *Turner v. Burlington Northern Santa Fe. R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which judgment is based; 2) the moving party presents newly discovered evidence or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law. *Id.* Motions under this Rule "should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1995). A motion to amend judgment is not a vehicle permitting an unsuccessful party to reiterate arguments previously presented. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Further, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

## III. DISCUSSION

BANA moves the Court to reconsider its Order granting summary judgment in favor of HOA and against BANA on the wrongful foreclosure and breach of NRS 116.1113 claims. (*See* Mot. to Am. 2:1–11, ECF No. 133). Alternatively, BANA requests reconsideration of the Court's ruling that BANA's attempt to pay off the HOA superpriority lien was insufficient to constitute a valid tender or justify a finding of futility. (*Id.* 2:12–17, 4:7–11:12).

The Court begins with BANA's arguments concerning the impact of its purported tender, followed by discussion of BANA's claims against HOA.

### A. Tender

Beginning with BANA's purported tender, the Court reiterates its prior ruling and concludes that a letter offering to pay the yet-to-be determined superpriority amount, without more, is insufficient to constitute valid tender. (*See* Order 8:19–9:12, ECF No. 130). Contrary to BANA's argument, the Nevada Supreme Court's decision in *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1218 (Nev. 2019), does not change this result.

As a general rule, a first deed of trust holder may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* NRS 116.31166(1); *see also SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). "Valid tender requires payment in full," and must be either unconditional or limited to "conditions on which the tendering party has a right to insist." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–118 (Nev. 2018).

In *Jessup*, the Nevada Supreme Court introduced an exception to the foregoing rule: a first deed of trust holder is excused from tendering the superpriority amount where an HOA agent represents that it would reject any such tender if attempted. *Jessup*, 435 P.3d at 1220. In that case, like the instant one, the deed of trust holder sent a letter requesting the amount of the HOA superpriority lien. *Id.* at 1219–20. Citing the general rule, the Court held that a mere

offer to pay the "yet-to-be-determined superpriority amount was not sufficient to constitute valid tender." *Id.* at 1220. Nevertheless, the Court held that the tender obligation was excused because the HOA's agent represented to the deed of trust holder that any attempted tender would be rejected.

Specifically, the HOA's agent, Absolute Collection Services, LLC ("ACS"), responded in writing to the lender's request for the payoff amount, stating "a 9-month statement of Account is not valid," until the lender—rather than HOA—initiates foreclosure. *Id.* While ACS's correspondence did not expressly state that any tender would be rejected, the Nevada Supreme Court concluded this was "the only reasonable construction" of ACS's language. *Id.* Given the futility of tender, the Court found it immaterial that the deed of trust holder took no further action to preserve its deed of trust in the ten-month window between ACS's rejection and the foreclosure sale. *Id.* 1218–1219. Accordingly, the lender's offer to pay the "yet-to-be-determined superpriority amount," combined with "ACS's rejection of that offer, operated to cure the default as to [the superpriority] portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust." *Id.* at 1220.

Applying *Jessup* here, the Court finds reconsideration is unwarranted. The *Jessup* Court's excusal of tender was based upon the lender's offer to pay the "yet-to-be-determined superpriority amount," *and* the HOA agent's "rejection of that offer." *Id.* The problem for BANA here is the second requirement. Unlike ACS's representation that tender would be futile in *Jessup*, NAS, in the present case, never responded to BANA's letter. Because the *Jessup* Court tethered its holding to ACS's express communication of futility, the Court is hesitant to give that decision the expansive interpretation that BANA urges. *See Jessup*, 435 P.3d at 1218 ("[F]ormal tender is excused when the party entitled to payment represents that if a tender is made, it will be rejected. . . . [S]uch a representation excuses the requirement of making a

formal tender.").[2] Accordingly, the Court reaffirms that BANA's letter to NAS, standing alone, does not constitute valid tender and the narrow exception recognized in *Jessup* is inapplicable in this case.

The Court now turns to BANA's Motion to Amend as it pertains to the Court's grant of summary judgment in favor of HOA.

### B. BANA's Claims against HOA

BANA moves the Court to reconsider its grant of summary judgment in favor of HOA on the wrongful foreclosure and breach of NRS 116.1113 claims. (*See generally* Mot. to Am., ECF No. 130). While the Court finds no error in its conclusion, the Court will nevertheless clarify its reasoning.

#### 1. Wrongful Foreclosure

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). To prove a wrongful foreclosure claim, the bank must demonstrate (1) that the HOA foreclosed and (2) that there was no delinquency when the HOA foreclosed. *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

As noted above, BANA's letter to NAS requesting the amount of HOA's superpriority lien did not amount to a valid tender. Nor does NAS's failure to respond justify application of the exception recognized in *Jessup*. Additionally, as stated in the Court's prior Order, the former homeowners were in default at the time of the foreclosure proceedings and their partial

---

[2] A subsequent decision from the Nevada Court of Appeals, as well decisions from this Court, have similarly recognized the limitations of the *Jessup* holding. *See, e.g.*, *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, No. 75603-COA, 2019 WL 2461736, at *1 (Nev. App. June 11, 2019) ("To excuse Bank of America's obligation to provide valid tender, HOA must have actually rejected an attempt at tender."); *Bank of Am., N.A. v. Rainbow Bend Homeowners Ass'n*, No. 3:17-cv-00049-MMD-WGC, 2019 WL 2601561, at *5 (D. Nev. June 25, 2019) ("In the absence of evidence tantamount to an actual rejection by the HOA, BANA's argument does not fall within the purview of *Jessup*.").

payment failed to cure their default or satisfy the HOA superpriority lien. (Order 10:12–19, ECF No. 130). In the absence of default or evidence that HOA failed to comply with NRS Chapter 116's statutory requirements, HOA was authorized to foreclose on the Property. *See* NRS 116.31166; *see, e.g.*, *Bank of New York Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 939 (D. Nev. 2019). *Cf. Bank of Am., N.A. v. Operture, Inc.*, No. 2:16-cv-01692-APG-GWF, 2018 WL 3242679, at *3 (D. Nev. July 2, 2018).

### 2. Breach of NRS 116.1113

NRS 116.1113 states that "[e]very contract or duty governed by [NRS Chapter 116] imposes an obligation of good faith in its performance or enforcement." "Good faith" is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing." NRS 104.1201.

In HOA's motion for summary judgment, it argued that BANA's breach of NRS 116.1113 cannot survive due to the lack of privity of contract between HOA and BANA. (HOA's MSJ 8:23–9:2, ECF No. 105). HOA also contended that its agent, NAS, conducted the foreclosure consistent with Nevada law, as it existed at the time, and in compliance with "reasonable industry standards." (*Id.* 9:3–15). BANA opposed HOA's motion on the basis that BANA was a third-party beneficiary of HOA's CC&Rs. (BANA's Resp. 5:16–18, ECF No. 115). Under the CC&Rs, BANA argued, HOA was under a duty to permit BANA to examine the Property's payment history report, which NAS breached by failing to respond to BANA's letter of inquiry. (*Id.* 5:18–21, 7:5–14).

The relevant provision of HOA's CC&RS that HOA breached, according to BANA, provides:

> Inspection of Books: The Association must maintain current copies of the Declaration, Bylaws, Rules, Articles of Incorporation, books, records and financial statements of the Association. The Association shall permit any Eligible Mortgagee or Eligible Insurer,

>       or other first mortgagee of Units, to inspect the books and records
>       of the Association during normal business hours.

(HOA's CC&Rs § 16.6, ECF No. 109-17). To the extent HOA, through NAS, owed BANA a duty under this section, BANA has not satisfied the Court that NAS committed a breach. BANA's letter in this case says nothing to indicate BANA sought an inspection of HOA's books. (*See* Letter of Inquiry, Ex. 1 to Miles Bauer Aff., ECF No. 109-16). Nor has BANA presented any evidence of follow-up requests for examination of HOA's financial records. As such, the Court is unpersuaded that BANA's correspondence triggered NAS's duty under the CC&Rs or that NAS's failure to respond is equivalent to denial of BANA's right to inspect HOA's records.

In sum, the Court finds no basis to modify its prior conclusion that HOA is entitled to summary judgment on BANA's claims for wrongful foreclosure and breach of NRS 116.1113. Additionally, the Court concludes that the record in this case does not warrant application of *Jessup* or a finding that BANA's tender would have been futile. BANA's Motion to Amend is therefore denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion to Amend Order and Judgment, (ECF No. 133), is **DENIED**.

**IT IS FURTHER ORDERED** that BANA's Motion for Leave to File Supplemental Authority, (ECF No. 137), is **GRANTED**.

**DATED** this __18__ day of July, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge